**Opinion filed July 23, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00181-CR
_____

**RODNEY ALLAN SNEAD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 106th District Court**
**Gaines County, Texas**
**Trial Court Cause No. 20-5364**

## M E M O R A N D U M   O P I N I O N

Appellant, Rodney Allan Snead, originally pleaded guilty to attempted burglary of a habitation with the intent to commit a felony other than theft, to wit: murder. *See* TEX. PENAL CODE ANN. §§ 15.01(a), (d), 30.02(d (West Supp. 2025). In that regard, Appellant executed a written judicial confession whereby he stipulated that he was the person charged in the indictment and that he committed the offense as charged therein. Pursuant to the terms of a negotiated plea agreement

between Appellant and the State, the trial court placed Appellant on deferred adjudication community supervision for a period of ten years.

The State subsequently filed a motion to adjudicate Appellant's guilt alleging that he had violated the conditions of his community supervision. Specifically, the State alleged five violations. At the hearing on the State's motion, the State abandoned one of the five alleged violations. Appellant pleaded "not true" to the remaining four violations. Upon the conclusion of the contested hearing, the trial court found the four remaining allegations to be "true," adjudicated Appellant guilty, revoked his community supervision, and assessed his punishment at imprisonment for twenty years in the Institutional Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant, proceeding pro se, filed a response to counsel's *Anders* brief. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine whether: (1) the appeal is wholly frivolous and, if so, issue an opinion

explaining that it has independently reviewed the record and finds no reversible error; or (2) arguable grounds for appeal exist and, if so, remand the cause to the trial court to appoint new appellate counsel to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, the brief, and Appellant's response, and conclude that the appeal is without merit.[1] *See Anders*, 386 U.S. at 744; *Bledsoe*, 178 S.W.3d at 826–27.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


July 23, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.